1:20-cv-6030
Judge Mary M Rowland
Magistrate Judge Sheila M Finnegan

**RECEIVED**
10/9/2020 DB
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**United States District Court**
**Northern District of Illinois**

PHILIP JAAX )
)
Plaintiff )
)
v. ) CASE NO.
)
CIGNA )
)
Defendant )

# COMPLAINT

COMES NOW, Plaintiff in pro-per to put before this honorable court this Complaint against Cigna and her entire company. Per Defendant's EXHIBIT A page 5, you will see that this is allotted under their rules, regulations and their policy layout. This does come within and before 3 years of the date of the original surgery on October 10, 2017 by Dr Kasey Li of Palo Alto. Plaintiff affirms that on this date Oct 10, 2017 Plaintiff was approved for a full surgery and costs of approximately 53,000.00 dollars to undergo maximandibular-advancement for his upper and lower jaws by one of the best dentists, oral surgeons and doctors in North America for such a surgery. Because Plaintiff had severe sleep apnea and was non-compliant with CPAP he did have high blood pressure and a significant chance of dying from sleep apnea. The surgery was approved and approved to be paid in full from CIGNA who also affirms in their policy and rules that anything over Plaintiff's out of pocket maximum of 4700.00 dollars would be paid 100% in full. Plaintiff reached this maximum early on for out of network doctors for out of pocket maximum earlier in 2017. Thus under Cigna's policy and framework they were supposed to pay for 100% of the out of network doctor and surgery that came to 53,000.00 dollars. Futhermore, Plaintiff paid in advance a deposit in cash via wire from a bank in the amount of 16,000.00 US Dollars with another 1000.00 dollars approximately paid out of pocket via Credit Card for this doctor and surgery. Plaintiff was assured he would receive his deposit back in full and be made whole after the surgery when Cigna paid the approved amount of 53,000.00 dollars as Plaintiff Jaax was already well over his out of network out of pocket maximum for the year. However, Cigna not only refused to pay the claim, they did not pay a dime to Dr Kasey Li nor did they negotiate any sort of discount to bring the price down. Because of this they blamed Plaintiff Jaax for not using an in network doctor even though Cigna had already approved the amounts and the full sugery and doctor's fees in the amount of 53,000.00 dollars. Not only did Plaintiff Jaax go over his out of pocket maximum for out of network doctors for the year he was promised that any other fees 100 percent would be paid in full or reimbursed by CIGNA. Plaintiff Jaax went over the out of pocket out of network costs by 17,000.00 dollars which was never paid or reimbursed by CIGNA. Under the policy framework this is to come within 3 years of when the initial claim was denied see EXHIBIT A page 5, and this is also to come under an ERISA 29 U.S. Code CHAPTER 18 Federal Civil Lawsuit Claim in the Northern District of Illinois which is why this case is being brought forth this honorable Court to date.

Plaintiff prays for actual damages in the amount of 17,000.00 dollars for himself, 36,000.00 dollars to Plaintiff Jaax to reimburse his doctor Kasey Li which charged him well over this amount, nominal damages of 1.00 Dollar and punitive damages in the amount of 39,000.00 or more based on the Court's findings, jurisdiction or jury or judge decision to make Plaintiff whole. Plaintiff has suffered from medical and emotional severe damages from the onset of this matter and was financially crippled by CIGNA withholding the equitable and fair payout of the claim. In fact any additional punitive damages as deemed to make Plaintiff whole is requested from this Court. Especially, in today's times it is unfair and wholly negligent for a multi-billion dollar company who can hire lawyers making 6-7 figure salaries to try and go against a single pro-se Plaintiff and financially and emotionally harm him after he and his company Northern Trust paid all of their premiums in full and his out of pocket maximums for both in-network and out of network were made in full and met in full Everything above and beyond that should have been paid 100%. Even the attorney from San Francisco for the Defendant said in quotes "My client does not wish to settle nor will they pay out this claim at all". This brings to light the corruption that has stalled these ERISA claims for years and the benefit allocated to these Corporations who negligently, with intent and malice decide to not pay out claims that they themselves have approved ahead of time. Even in their website it states that if an urgent surgery is needed or approved it can be approved ahead of time for out of network doctors or hospitals and be able to paid in full 100 percent without the need for the maximum reimbursable charge or MRC. This falls under this and categorically should be met with a fierce and accurate reallocation of the benefit with actual, nominal and punitive damages be paid in full to the Plaintiff with any additional or necessary damages to be paid to Plaintiff as deemed necessary by this Court. Plaintiff requests TRIAL BY JURY. Further Plaintiff requests in forma pauperis to be allowed.

EXECUTED this the 9th day of October, 2020.

X_____
Philip Jaax 3880 Bird Rd #834 Coral Gables FL 33146
(970)301-9215. PHJA0744@colorado.edu

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

PHILIP JAAX
(full name of plaintiff or petitioner)

vs.

CIGNA
(full name of defendant(s) or respondent(s))

APPLICATION TO PROCEED
WITHOUT PREPAYING FEES OR
COSTS / FINANCIAL AFFIDAVIT
(NON-PRISONER CASE)

Case number: _____

**Instructions:** Please answer every question. Do not leave blanks. If the answer is "0" or "none," say so.

**Application:** I am one of the parties in this case. I believe that I am entitled to the relief I am requesting in this case. I am providing the following information under penalty of perjury in support of my request (check all that apply):

[✔] to proceed *in forma pauperis* (IFP) (without prepaying fees or costs)
[ ] to request an attorney

1. *Are you employed?*
   [ ] Yes  Name and address of employer: _____
              Total amount of monthly take-home pay: _____
   [✔] No   Date(s) of last employment: 03/05/2020   Last monthly take-home pay: 5000.00

2. *If married, is your spouse employed?* [✔] Not married
   [ ] Yes  Name and address of spouse's employer: _____
              Total amount of spouse's monthly take-home pay: _____
   [ ] No   Date(s) of spouse's last employment: _____  Spouse's last monthly take-home pay: _____

3. *Other sources of income / money:* For the past 12 months, list the amount of money that you and/or your spouse have received from any of the following sources:

   *(list the 12-month total for each)*

   | | |
   |---|---|
   | Self-employment, business, or profession: | $ 0 |
   | Income from interest or dividends: | $ 0 |
   | Income from rent payments: | $ 0 |
   | Pensions, annuities, or life insurance: | $ 0 |
   | Disability or worker's compensation: | $ 0 |
   | Gifts (including deposits into any accounts in your name): | $ 0 |
   | Unemployment, public assistance, or welfare: | $ 0 |
   | Settlements or judgments (include any that are expected): | $ 0 |
   | **Any other source of money**: | $ 0 |

4. *Cash and bank accounts*: Do you and/or your spouse have any money in cash or in a checking or savings account? ☐ Yes ☑ No  If yes, how much? _____

5. *Other assets*: Do you and/or your spouse own or have an interest in any real estate (including your home), stocks, bonds, other securities, retirement plans, automobiles, jewelry, or other valuable property (not including ordinary household furnishings and clothing)? ☐ Yes ☑ No

   If yes, list each item of property and state its approximate value:
   _____
   _____
   _____

6. *Dependents*: Is anyone dependent on you and/or your spouse for support? ☐ Yes ☑ No

   If yes, please list their names (for minor children, use only initials); relationship to you; and how much you and/or your spouse contribute toward their support each month:
   _____
   _____
   _____

7. *Debts and financial obligations*: List any amounts you owe to others:
   STUDENT LOANS FEDERAL 120,000.00
   _____
   _____

8. *Provide any other information that will help explain why you cannot afford to pay court fees / hire an attorney*:
   LOST EMPLOYMENT NO UNEMPLOYMENT
   _____
   _____

**Declaration**: I declare under penalty of perjury that all of the information listed above is true and correct. I understand that a false statement may result in dismissal of my claims or other sanctions.

Date: 10/9/2020

_____
*Applicant's signature*

PHILIP JAAX
_____
*Printed name*

EXHIBIT A

000468

Cigna
Appeals
PO Box 188011
Chattanooga, TN 37422

![Cigna logo]

June 19, 2019

Phil Jaax
1940 N Lincoln Ave Apt 305
Chicago IL 60614-5286

RE: Cigna Health and Life Insurance Company on behalf of your Employer Plan

Name: Phil Jaax
ID #: U63633278
Provider: Kasey K. Li, MD
Dates of Service: October 10, 2017
SR #: 1145616192
Claim Amount: $44,900.00

Dear Phil,

On March 7, 2018, we received an appeal request concerning our decision to deny code 21110 (Application of interdental fixation device for conditions other than fracture or dislocation, includes removal) and apply Out-of-Network benefits including the maximum reimbursable charge to your claim for inpatient professional services provided by Kasey K. Li, MD submitted with diagnosis code G47.33. Please note: This is a corrected letter to the one sent to you on July 25, 2018.

**Appeal Decision**
After reviewing the appeal submitted by Matek & Mazar, LLC Attorneys At Law, the original decision to deny code 21110 (Application of interdental fixation device for conditions other than fracture or dislocation, includes removal) and apply Out-of-Network benefits including the maximum reimbursable charge to codes 21145 (Reconstruction midface, LeFort I; single piece, segment movement in any direction, requiring bone grafts (includes obtaining autografts), 21194 (Reconstruction of mandibular rami, horizontal, vertical, C, or L osteotomy; with bone graft (includes

"Cigna" and the "Tree of Life" logo are service marks of Cigna Intellectual Property, Inc., licensed for use by Cigna Corporation and its operating subsidiaries. All products and services are provided by or through such operating subsidiaries and not by Cigna Corporation. Such operating subsidiaries include Cigna Health and Life Insurance Company, Connecticut General Life Insurance Company, Cigna Behavioral Health, Inc., Cigna Health Management, Inc., and HMO or service company subsidiaries of Cigna Health Corporation and Cigna Dental Health, Inc. Please refer to your ID card for the subsidiary that insures or administers your benefit plan. Cigna Health Management Inc. and Cigna Behavioral Health, Inc. are licensed or certified utilization review entities.

obtaining graft) and several other surgical services provided on October 10, 2017 is upheld. All the original information in your file, the information submitted with this request and the terms of your benefit plan were reviewed.

**More About The Decision**
This decision was made on June 19, 2019 by Pamela Collins, Appeal Processor.

This decision was based on the following:

Kasey K. Li, MD does not participate in your health care professional or facility network so we are unable to approve coverage for the requested service(s) at the in-network benefit level. We have qualified network health care professional/facility which can provide services to you. For a list of participating health care professionals or facilities, visit Cigna.com or contact Customer Service at the number on your ID card. Although we are unable to approve this request, the claims have been paid at your out-of-network benefit level. It is important for you to know that out-of-network benefits are limited to the maximum reimbursable (usual and customary) charge, and all benefits payable are subject to your benefit plan's provisions, limitations and exclusions in effect at the time service(s) were performed. The amount of your copayment or coinsurance is higher since you chose to receive service(s) from an out-of-network health care professional or facility.

For claims with more than one service, we check the primary service and any secondary services to make sure they're "unbundled" appropriately. We look closely at how the primary service relates to the secondary services. This data shows us how your claim should be paid. Your claim has services that should have been "bundled". We can't approve coverage for some of these services.

Your doctor can find information on our claim bundling policies at Cignaforhcp.com.

We use a methodology similar to Medicare to determine reimbursement for the same or a similar service within a geographic market. Because we don't have any information that supports a reason to pay more than the Maximum Reimbursable Charge, we won't pay anything more towards this claim.

According to your The Northern Trust Company Certificate, under the title 'The Schedule', it states:

Your Medical Benefits provide coverage for care In-Network and Out-of-Network. To receive your Medical Benefits, you and your Dependents may be required to pay a portion of the Covered Expenses for services and supplies. That portion is the Deductible or Coinsurance.

When you receive services from an In-Network Provider, remind your provider to utilize In-Network Providers for x-rays, lab tests and other services to ensure the cost may be considered at the In-Network level.

If you are unable to locate an In-Network Provider in your area who can provide you with a service or supply that is covered under this plan, you must call the number on the back of your I.D. card to obtain authorization for Out-of-Network Provider coverage.

If you obtain authorization for services provided by an Out-of-Network Provider, benefits for those services will be covered at the In-Network benefit level.

Calendar Year Deductible
- Individual - $1,500 per person

Inpatient Hospital Professional Services
- 60% after plan deductible

As claim administrator for the (Account Name) Medical Plan, Cigna calculates reimbursement for covered expenses following evaluation and validation of all provider billings in accordance with the methodologies in the most recent edition of the Current Procedural Terminology (CPT), Centers for Medicare & Medicaid Services (CMS) guidance and recognized professional publications which reflect industry standard claim coding practices.

Under the title "General Limitations", it states:

No payment will be made for expenses incurred for you or any one of your Dependents:

- to the extent that they are more than Maximum Reimbursable Charges..

Maximum Reimbursable Charge is defined as follows: The Maximum Reimbursable Charge for covered services is determined based on the lesser of:

- the provider's normal charge for a similar service or supply; or
- a policyholder-selected percentage of a schedule developed by Cigna that is based upon a methodology similar to a methodology utilized by Medicare to determine the allowable fee for the same or similar service within the geographic market.

The percentage used to determine the Maximum Reimbursable Charge is listed in The Schedule.

In some cases, a Medicare based schedule will not be used and the Maximum Reimbursable Charge for covered services is determined based on the lesser of:

- the provider's normal charge for a similar service or supply; or
- the 80th percentile of charges made by providers of such service or supply in the geographic area where it is received as compiled in a database selected by Cigna.

The Maximum Reimbursable Charge is subject to all other benefit limitations and applicable coding and payment methodologies determined by Cigna. Additional information about how Cigna determines the Maximum Reimbursable Charge is available upon request.

**For More Information**

If you would like to request information about the specific diagnosis and treatment codes submitted by your Health Care Professional, please either contact your Health Care Professional, or go to http://www.cigna.com/privacy/privacy_healthcare_forms.html or call the Customer Service number on the back of your ID card.

You are entitled to receive free of charge, copies of all documents, records and other information relevant to your appeal for benefits. This includes the benefit provision, guideline or protocol upon which the decision was made. If you want to request this material, or if you have any questions, please write to us at:

Cigna National Appeals Organization (NAO)
Attn: Appeals
PO Box 188011
Chattanooga, TN 37422

You may also call our Customer Service Department at the toll-free number listed on your Cigna ID card. We'll be happy to help you.

Sincerely,

Pamela C.
Appeals Processor

Enclosures:  Your Rights and Other Important Information About an Appeal
Language Assistance Form
Non-Discrimination and Language Assistance Notice

c:  Matek & Mazar, LLC Attorneys At Law

## Your Rights and Other Important Information About An Additional Appeal

If you're not satisfied with the decision, you may request a second level appeal review within three hundred sixty five (365) calendar days, or longer as defined in your benefit plan, of the decision letter. This review will include a physician reviewer or designee that wasn't involved in the original review. If you decide to continue with a second level appeal review, please send your request as soon as possible along with any additional information you think should be considered as part of this new review to:

Cigna National Appeals Organization (NAO)
Attn: Level 2 Appeals
PO Box 188011
Chattanooga, TN 37422

Then, within thirty (30) calendar days from date of receipt of appeal, we'll send you a letter with our updated coverage decision. We'll also let you know in writing if we need more time to gather information.

If your plan is governed by ERISA, you also have the right to bring legal action within three (3) years under Section 502 (a) of ERISA after a review that results in an adverse benefit determination on review.

For questions about your appeal rights or for assistance, you may contact the Employee Benefits Security Administration at 1-866-444-EBSA (3272) or www.askebsa.dol.gov.

### Additional Information related to the Affordable Care Act

If you're not satisfied with the final internal review, you may be able to ask for an independent, external review of our decision, as determined by your plan and any state or federal requirements.

Your state may also offer a consumer assistance or an ombudsman program to help you. Go online to mycigna.com, click on the Legal Disclaimer link at the bottom of the page, and select "State Ombudsman/Consumer Assistance Programs" from the drop down menu. If you have difficulty accessing the website, call Customer Service at the toll-free number listed on the back of your Cigna ID card.

Please note that these program offices may not be the offices designated to receive your request for an external review. See the external review information above if applicable.